# SEALED

THOMAS J. WIDOR*
ADAM M. WESOLOWSKI*
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Ph: (202) 326-3039 (Widor)
Fax: (202) 326-3768
Email: twidor@ftc.gov; awesolowski@ftc.gov
(*Motion to admit pending)

DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Ph:  (702) 388-6336
Fax: (702) 388-6787
Email: blaine.welsh@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

```
___ FILED          ___✓ RECEIVED
___ ENTERED        ___ SERVED ON
                   COUNSEL/PARTIES OF RECORD

        JUN - 9 2014

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INFUSION MEDIA, LLC, *et al.*<br><br>Defendants. | Case No. 2:09-cv-01112-GMN-VCF<br><br><br>**FILED UNDER SEAL** |

**FEDERAL TRADE COMMISSION'S *EX PARTE* MOTION
FOR AN ORDER TEMPORARILY SEALING ENTIRE FILE AND DOCKET
AND MEMORANDUM IN SUPPORT**

Plaintiff Federal Trade Commission respectfully moves for an *ex parte* order temporarily sealing the entire file and docket in this matter ("Seal Order"). Specifically, the FTC requests that the proposed Seal Order temporarily seal the entire docket and file, including the following items which are filed concurrently with this Motion: (1) Federal Trade Commission's Motion to Hold Tony D. Norton; Philip J. Danielson; Philip Danielson, LLC; Foundation Business Solutions, LLC; Strata G Solutions, LLC; and Direct Results Solutions, LLC in Contempt ("Contempt Motion"), and Memorandum in Support; (2) Motion to Admit Government Attorneys ("Motion to Admit"); and (3) all exhibits, certifications, and papers filed in support of the FTC's Contempt Motion.

The FTC seeks a Seal Order temporarily prohibiting the Clerk of the Court from disclosing the Contempt Motion, Motion to Admit, or any other any document filed in connection with these filings. In addition, the FTC requests that the Seal Order prohibit the Clerk of the Court from making available to any member of the public or press any document or copy of any document filed in connection with the Contempt and Appearance filings. The proposed Seal Order would also prohibit the Clerk of the Court from initiating any electronic filing or docketing activity in this case until the seal has been lifted. The proposed Seal Order would not prohibit the FTC from disclosing to non-parties, such as law enforcement authorities, the existence of, or parties to, this action or any order of this Court, including any temporary restraining order.

Concurrently with the filings in this action, the FTC is also filing under seal a Complaint for Injunction and Other Equitable Relief and an *Ex Parte* Motion for a Temporary Restraining Order in a related case against the defendants named in the Contempt Motion as well as additional individuals and corporate entities (collectively "Defendants") for violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and Mortgage Assistance Relief Services ("MARS") Rule, 15 C.F.R. Part 322, recodified as 12 C.F.R. Part 1015. *See* Compl., *Ex Parte*

Mot. for TRO and Mem. in Supp., *FTC v. Philip Danielson, LLC*. The FTC requests that the seal in this case remain in effect until the close of the fifth business day after any temporary restraining order is issued in *Philip Danielson, LLC*, or until defendants in the *Philip Danielson, LLC* matter have been served with the TRO, whichever occurs first. The FTC will notify the Clerk of the Court in writing in the event that all defendants are served prior to the fifth business day following entry of the Seal Order.

As explained below, the proposed Seal Order is necessary to prevent immediate and irreparable harm to the Court's ability to grant full and effective final relief in this matter. Moreover, immediate disclosure would not be in the public interest.

## MEMORANDUM

The FTC is moving for a contempt motion against Tony D. Norton; Philip J. Danielson; Philip Danielson, LLC; Foundation Business Solutions, LLC; Strata G Solutions, LLC; and Direct Results Solutions, LLC ("Contempt Defendants") seeking compensation for the $35 million of consumer harm caused by a deceptive scam offering mortgage assistance relief services in violation of this Court's order enjoining the making of false or misleading statements or representations of material fact in connection with the advertising, marketing, or sale of any product or service.[1] As explained more fully in the FTC's memorandum accompanying the Contempt Motion and materials filed in support, as well as the materials accompanying the TRO Motion in *Philip Danielson, LLC*, given Defendants' prior disregard of court orders and various measures Defendants have taken to evade detection, there is a serious risk Defendants will move quickly to destroy records and conceal or dissipate assets if they receive notice of the FTC's motions. Proceeding *ex parte* in *Philip Danielson, LLC* is therefore essential to protect the

---

[1] Stipulated Final Judgment And Order For Permanent Injunction And Other Equitable Relief As To Infusions Media, Inc.; West Coast Internet Media, Inc.; Two Warnings, LLC.; Platinum Teleservices, Inc.; Jonathan Eborn; Stephanie Burnside; Michael McLain Miller; And Tony D. Norton, Section III.A.2 ("Final Order") (Dkt. 74) (Oct. 4, 2010).

2

Court's ability to grant effective final relief, including compensation to consumers injured by Defendants' conduct. *See* Fed. R. Civ. P. 65(b)(1)(A) (*ex parte* relief is warranted when specific facts show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"); *see also Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *In re Vuitton Et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979); *Cenergy Corp. v. Bryson Oil & Gas P.L.C.*, 657 F. Supp. 867, 870 (D. Nev. 1987) (*ex parte* TRO warranted where notice would only serve to "defeat the very purpose for the TRO").

      The proposed Seal Order is narrowly tailored to its express purpose of protecting the potential availability of full and effective final relief. Sealing the entire docket is necessary to minimize the risk of Defendants receiving advance notice. If any of the materials filed in connection with the FTC's Contempt Motion or Motion to Admit were docketed as matters of public record, there is a substantial likelihood that Defendants would learn of this action before the requested *ex parte* TRO in *Philip Danielson, LLC* is issued and served on them. With such advance notice, Defendants may well dissipate or conceal assets, and destroy or conceal business records—thereby frustrating the Court's ability to grant effective monetary relief for the victims of Defendants' unlawful practices. The Certification of Plaintiff's Counsel Thomas J. Widor, together with the FTC's Contempt and TRO filings, explain why, given the circumstances of this case, it is particularly crucial that the entire docket and file be sealed until the FTC has had an opportunity to execute the provisions of the TRO and serve Defendants with the TRO. This Court has previously granted this type of relief in this matter. Order Granting Mot. Seal File, Dkt. 10 (June 23, 2009). Indeed, many courts in this District have granted similar relief in FTC enforcement cases. *See, e.g., FTC v. Dayton Family Productions*, No 2:97-cv-00750-PMP (LRL) (D. Nev. Jan. 28, 2013) (granting the same relief requested here); *FTC v. Moneymaker*, No. 2:11-cv-00461-JCM (CWH) (D. Nev. Mar. 28, 2011) (sealing entire docket pending service on defendants); *FTC v. Ivy Capital, Inc. et al.*, No. 2:11-cv-00283-JCM (GWF) (D. Nev. Feb. 22,

| | |
|---|---|
| 1 | 2011) (same); *FTC v. Grant Connect, LLC et al.*, No. 2:09-cv-01349-PMP (NJK) (D. Nev. July |
| 2 | 28, 2009) (same); *FTC v. Infusion Media, Inc. et al.*, No. 2:09-cv-01112-GMN (VCF) (D. Nev. |
| 3 | June 23, 2009) (same); *FTC v. ERG Ventures, LLC*, No. 3:06-cv-00578-HDM (VPC) (D. Nev. |
| 4 | Oct. 31, 2006) (same); *FTC v. Global Net Solutions, Inc.*, No. 2:05-cv-0002-PMP (LRL) (D. |
| 5 | Nev. Jan. 3, 2005) (same). |

For the foregoing reasons, the FTC respectfully requests that this Court direct the Clerk of the Court to maintain all of the filings and docket in this matter under seal for five business days, or until the FTC notifies the Clerk that the seal is no longer necessary, whichever occurs first. A proposed Seal Order is submitted herewith.

Dated: June 9, 2014                                   Respectfully submitted,

                                                      /s/ Thomas J. Widor
                                                      THOMAS J. WIDOR
                                                      twidor@ftc.gov, (202) 326-3039
                                                      ADAM M. WESOLOWSKI
                                                      awesolowski@ftc.gov, (202) 326-3068
                                                      600 Pennsylvania Avenue NW, CC-10232
                                                      Washington, DC 20580

                                                      Attorneys for Plaintiff
                                                      FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INFUSION MEDIA, INC., *et al.*<br>Defendants. | Case No. 2:09-cv-01112-GMN-VCF<br><br>**FILED UNDER SEAL** |

## *EX PARTE* ORDER
## TEMPORARILY SEALING ENTIRE FILE AND DOCKET

Upon due consideration of the Federal Trade Commission's *Ex Parte* Motion for an Order Temporarily Sealing Entire File and Docket and Memorandum in Support, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the entire file and docket in this action be sealed, and that all documents submitted in this matter be filed under seal, including: (1) Federal Trade Commission's *Ex Parte* Motion to Hold Tony D. Norton; Philip J. Danielson; Philip Danielson, LLC; Foundation Business Solutions, LLC; Strata G Solutions, LLC; and Direct Results Solutions, LLC in Contempt, and Memorandum in Support; (2) Motion to Admit Government Attorneys; and (3) all exhibits, certifications, and papers filed in support of the FTC's Contempt Motion.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not initiate any electronic filing or docketing activity in this matter until the seal has been lifted as described below.

**IT IS FURTHER ORDERED** that this seal does not preclude the Clerk of the Court from providing counsel for the Federal Trade Commission with copies of any orders issued by the Court while the seal remains in effect, and this Order shall not be construed to prohibit the

1

FTC from providing this Order, a temporary restraining order, or other pleadings and papers filed in this action to Contempt Defendants, process servers, law enforcement authorities, credit reporting agencies, financial institutions or other persons who may hold assets of Contempt Defendants, custodians of business records of Contempt Defendants, consumer victims, or potential witnesses for a possible preliminary injunction hearing.

**IT IS FURTHER ORDERED** that, unless otherwise ordered or provided, this seal shall dissolve the earlier of: (a) five (5) business days from the signing and entry of a temporary restraining order in *FTC v. Philip Danielson, LLC*; or (b) upon the Clerk's receipt of written notice from the FTC that service of a temporary restraining order or other interim order has been made upon all Contempt Defendants or that there is no further need to keep the materials under seal.

**IT IS FURTHER ORDERED** that persons who receive notice of this action and this Order before the seal is lifted shall not disclose the existence of this action, this Order, or the terms of any order entered by this Court, except to the extent necessary to implement any temporary restraining order that the Court may enter.

IT IS SO ORDERED.

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED: 06/13/2014**